**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of New York**
(State)

Case number *(if known):*   __22-10966 (MG)__   Chapter __11__

☒ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1.  Debtor's Name | **Celsius Network Limited** |
| 2.  All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3.  Debtor's federal Employer Identification Number (EIN) | **98-1528554** |

4.  Debtor's address

**Principal place of business**

**1 Bartholomew Lane**
Number        Street

**London, UK**              **EC2N 2AX**
City              State    Zip Code

County

**Mailing address, if different from principal place of business**

Number        Street

P.O. Box

City              State    Zip Code

**Location of principal assets, if different from principal place of business**

Number        Street

City              State    Zip Code

| | |
|---|---|
| 5.  Debtor's website (URL) | **https://celsius.network** |
| 6.  Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: |

| Debtor | **Celsius Network Limited** | Case number *(if known)* | **22-10966 (MG)** |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**5239**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub- box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |

| Debtor | **Celsius Network Limited** | Case number *(if known)* | **22-10966 (MG)** |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

Debtor    **See Rider 1**

District    **Southern District of New York**

Case number, if known    _____

Relationship    **Affiliate**

When    **07/13/2022**
MM / DD / YYYY

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____
City                          State      Zip Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency    _____

Contact name    _____

Phone    _____

---

| | **Statistical and administrative information** |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☒ | More than 100,000 |
| ☐ | 200-999 | | | | |

| Debtor | **Celsius Network Limited** | | Case number *(if known)* | **22-10966 (MG)** |
|---|---|---|---|---|
| | Name | | | |

| 15. Estimated assets (on a consolidated basis) | ☐ $0–$50,000<br>☐ $50,001–$100,000<br>☐ $100,001–$500,000<br>☐ $500,001–$1 million | ☐ $1,000,001–$10 million<br>☐ $10,000,001–$50 million<br>☐ $50,000,001–$100 million<br>☐ $100,000,001–$500 million | ☐ $500,000,001–$1 billion<br>☒ $1,000,000,001–$10 billion<br>☐ $10,000,000,001–$50 billion<br>☐ More than $50 billion |
|---|---|---|---|
| **16. Estimated liabilities (on a consolidated basis)** | ☐ $0–$50,000<br>☐ $50,001–$100,000<br>☐ $100,001–$500,000<br>☐ $500,001–$1 million | ☐ $1,000,001–$10 million<br>☐ $10,000,001–$50 million<br>☐ $50,000,001–$100 million<br>☐ $100,000,001–$500 million | ☐ $500,000,001–$1 billion<br>☒ $1,000,000,001–$10 billion<br>☐ $10,000,000,001–$50 billion<br>☐ More than $50 billion |

## ▮ Request for Relief, Declaration, and Signatures

**WARNING --**   Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on        **07/14/2022**
                              MM/ DD / YYYY

✖   **/s/ Alex Mashinsky**                                                     **Alex Mashinsky**
      Signature of authorized representative of debtor            Printed name

Title   **Chief Executive Officer**

**18. Signature of attorney**

✖   **/s/ Joshua A. Sussberg**                        Date   **07/14/2022**
      Signature of attorney for debtor                                  MM/DD/YYYY

**Joshua A. Sussberg**
Printed name

**Kirkland & Ellis LLP**
Firm name

**601 Lexington Avenue**
Number                              Street

**New York**                                                                **NY**        **10022**
City                                                                                State       ZIP Code

**(212) 446-4800**                                              **joshua.sussberg@kirkland.com**
Contact phone                                                        Email address

**4216453**                                                                **NY**
Bar number                                                              State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of New York**
(State)

Case number *(if known):*   **22-10966 (MG)**     Chapter   11

☒ Check if this is an amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Celsius Network LLC.

Celsius Network Inc.
Celsius KeyFi LLC
Celsius Lending LLC
Celsius Mining LLC
Celsius Network Limited
Celsius Network LLC
Celsius Networks Lending LLC
Celsius US Holding LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LIMITED, | ) | Case No. 22-10966 (MG) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Celsius Network Inc. | 121 River Street, PH05 Hoboken, New Jersey 07030 | 65.32% |
| Community First Partners, LLC | c/o WestCap Management, LLC 590 Pacific Avenue San Francisco, CA 94134 | 8.75% |
| Tether International Limited | c/o SHRM Trustees (BVI) Limited Trinity Chambers, PO Box 4301 VG1110, Road Town, Tortola British Virgin Islands | 7.81% |
| Celsius SPV Investors, LP | c/o WestCap Management, LLC 590 Pacific Avenue San Francisco, CA 94135 | 4.79% |
| CDP Investissements Inc. | 1000 place Jean-Paul-Riopelle, Montréal, Québec H2Z 2B3 | 4.79% |
| BNK to the Future Non-US Portfolio | c/o P.O. Box, 10008, Willow House, Cricket Square, KY1-1001, Cayman Islands | 3.78% |
| BNK to the Future US Portfolio | c/o P.O. Box, 10008, Willow House, Cricket Square, KY1-1001, Cayman Islands | 1.65% |
| Celsius New SPV investors, LP | c/o WestCap Management, LLC 590 Pacific Avenue San Francisco, CA 94135 | 0.47% |
| Artus Capital GmbH & Co. KGaA | Am Eulenhof 14, 95326 Kulmbach, Germany | 0.35% |
| Gumi Cryptos Capital LLC | 795 Folsom St, San Francisco, California 94107, US | 0.31% |
| Intership Ltd. | 1 Scotts Road, #16-06 Shaw Centre, Singapore 228208 | 0.27% |
| tokentus Investment AG | Taunusanlage 8, Frankfurt am Main, HE 60329 | 0.22% |
| European Media Finance Limited | 96 Kensington High Street, London, England W8 4SG | 0.20% |
| James Kordomenos | On file | 0.19% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Sandra Knuth Walsh | On file | 0.18% |
| Michael Mowry | On file | 0.15% |
| On file | On file | 0.15% |
| Thomas Connolly | On file | 0.12% |
| Altshuler Shaham Trusts Ltd. (held f/b/of Lior Lamesh and Shahar Shamai) | 19 Habarzel, Ramat Hahayal TEL AVIV-JAFFA, 6971025 Israel | 0.10% |
| Andersen Invest Luxembourg S.A Spf | Rue Pletzer, 4A, L-8080 Bertrange, Luxembourg | 0.05% |
| Lior Lamesh | On file | 0.05% |
| Shahar Shamai | On file | 0.05% |
| David M Barse 2012 Trust | On file | 0.03% |
| David Hoffman | On file | 0.03% |
| Heliad Equity Partners GmbH & Co. KGaA | Grüneburgweg 18, 60322 Frankfurt/Main | 0.03% |
| JR Investment Trust | 1805 Ponce de Leon Blvd, Apt 733, Coral Gables, FL 33134 | 0.02% |
| Jad Jubayli | On file | 0.02% |
| Estefano Isaias | On file | 0.02% |
| Juan Cruz Caceres | On file | 0.01% |
| Yaron Remen | On file | 0.01% |
| Alan L. Mauldin and Michelle E. Mauldin | On file | 0.01% |
| Anhminh Tran | On file | 0.01% |
| Craig Barrett | On file | 0.01% |
| John Gialamas | On file | 0.01% |
| William Douglas Carter | On file | 0.01% |
| Ylan Kazi | On file | 0.01% |
| Robert Pistey | On file | 0.01% |
| Dung Bui | On file | 0.01% |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CELSIUS NETWORK LIMITED, | ) Case No. 22-10966 (MG) |
| | ) |
| Debtor. | ) |
| | ) |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Celsius Network Inc. | 65.32% |

| Fill in this information to identify the case: |
|---|

Debtor name         Celsius Network LLC, *et al.*

United States Bankruptcy Court for the:    Southern District of New York

Case number *(If known)*: _____    (State)

☐  Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases:  Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders                                              12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

The Debtors have paid all general unsecured claims against the Debtors that have been billed of the Petition Date.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Pharos USD Fund SP Pharos Fund SP Landmark Square, 1st Floor 64 Earth Close PO Box 715 Grand Cayman KY-1107 Cayman Islands | Email - admin@lanternventures.com | Loan Party | Unliquidated | | | $81,081,803 |
| 2 | On File | On File | Customer | Unliquidated | | | $40,586,695 |
| 3 | On File | On File | Customer / Loan Party | Unliquidated | | | $38,359,717 |
| 4 | On File | On File | Customer | Unliquidated | | | $24,628,833 |

Debtor    Celsius Network LLC, *et al.*        Case Number (if known) _____
                 Name

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 5 | On File | On File | Customer / Loan Party | Unliquidated | | | $20,998,387 |
| 6 | On File | On File | Customer | Unliquidated | | | $19,369,656 |
| 7 | On File | On File | Customer / Loan Party | Unliquidated | | | $15,812,046 |
| 8 | On File | On File | Customer / Loan Party | Unliquidated | | | $15,571,124 |
| 9 | On File | On File | Customer / Loan Party | Unliquidated | | | $15,133,797 |
| 10 | On File | On File | Customer | Unliquidated | | | $14,569,039 |
| 11 | ICB Solutions W Royal Forest Blvd Columbus, OH 43214 | Phone - 614-403-0997 | Customer | Unliquidated | | | $13,343,960 |
| 12 | The Caen Group LLC Detwiler Road Escondido, CA 92029 | Phone - 760-803-0712 | Customer | Unliquidated | | | $13,077,800 |
| 13 | Alameda Research LTD Tortola Pier Park, Building 1 Second Floor Wickhams Cay I Road Town, Tortola VG1110 British Virgin Islands | Email - sam@alamded-research.com Phone - 774-270-0676 | Loan Party | Unliquidated | | | $12,770,047 |

Debtor ___Celsius Network LLC, *et al.*___  Case Number (if known) _____
 Name

| 14 | B2C2 LTD 86-90 Paul Street London EC2A 4NE United Kingdom | Email - middleoffice@B2C2.com Phone - 44-203-973-4780 | Loan Party | Unliquidated | | $11,814,949 |
|---|---|---|---|---|---|---|
| 15 | Covario AG Landys+Gyr Strasse 1 Zug 6300 Switzerland | Email - brokerage@covar.io Phone - 414-154-11382 | Customer | Unliquidated | | $11,310,531 |
| 16 | On File | On File | Customer | Unliquidated | | $11,168,614 |
| 17 | On File | On File | Customer | Unliquidated | | $11,131,962 |
| 18 | On File | On File | Customer | Unliquidated | | $11,089,080 |
| 19 | On File | On File | Customer | Unliquidated | | $10,378,951 |
| 20 | On File | On File | Customer | Unliquidated | | $10,328,557 |
| 21 | Invictus Capital Financial Technologies SPC 67 Fort Street Grand Cayman, KY1-1102 Cayman Islands | Email - spc@invictuscapital.com | Customer | Unliquidated | | $9,885,589 |
| 22 | On File | On File | Customer | Unliquidated | | $9,790,947 |

| Debtor | Celsius Network LLC, *et al.* | | Case Number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| 23 | On File | On File | Customer | Unliquidated | | | $9,678,180 |
| 24 | On File | On File | Customer / Loan Party | Unliquidated | | | $9,331,765 |
| 25 | On File | On File | Customer / Loan Party | Unliquidated | | | $9,087,167 |
| 26 | On File | On File | Customer | Unliquidated | | | $8,499,705 |
| 27 | Strobilus LLC 159 Main St. Nashua, NH 03060 | Phone - 617-640-3914 | Customer / Loan Party | Unliquidated | | | $7,850,694 |
| 28 | Crypto10 SP - Segregated Portfolio of Invictus Capital Financial Technologies SPC 67 Fort Street, 1st Floor, Artemis House George Town, KY1-1102 Cayman Islands | Email - c10_spc@Invictuscapital.com | Customer | Unliquidated | | | $7,829,667 |
| 29 | Altcointrader (Pty) Ltd 229 Ontdekkers Road, Horizon, Roodepoort 1724 South Africa | Email - richard@altcointrader.co.za Phone - 278-2411-0866 | Customer | Unliquidated | | | $7,593,905 |
| 30 | On File | On File | Customer / Loan Party | Unliquidated | | | $7,460,897 |
| 31 | On File | On File | Customer | Unliquidated | | | $7,280,505 |

Debtor ____Celsius Network LLC, *et al.*____    Case Number (if known) _____
                        Name

| 32 | On File | On File | Customer | Unliquidated | | | $7,207,770 |
|---|---|---|---|---|---|---|---|
| 33 | On File | On File | Customer | Unliquidated | | | $6,754,458 |
| 34 | Deferred 1031 Exchange, LLC Lakeland Ave. Dover, DE 19901 | Phone - 425-766-7107 | Customer | Unliquidated | | | $6,684,659 |
| 35 | On File | On File | Customer | Unliquidated | | | $6,499,769 |
| 36 | On File | On File | Customer | Unliquidated | | | $6,370,197 |
| 37 | On File | On File | Customer / Loan Party | Unliquidated | | | $6,349,731 |
| 38 | On File | On File | Customer / Loan Party | Unliquidated | | | $6,268,520 |
| 39 | On File | On File | Customer / Loan Party | Unliquidated | | | $6,099,136 |
| 40 | On File | On File | Customer | Unliquidated | | | $5,909,689 |
| 41 | On File | On File | Customer | Unliquidated | | | $5,851,623 |

Debtor _____Celsius Network LLC, *et al.*_____    Case Number (if known) _____
                    Name

| 42 | On File | On File | Customer | Unliquidated | | | $5,807,454 |
|----|---------|---------|----------|--------------|--|--|-----------|
| 43 | On File | On File | Customer / Loan Party | Unliquidated | | | $5,788,622 |
| 44 | On File | On File | Customer / Loan Party | Unliquidated | | | $5,783,350 |
| 45 | On File | On File | Customer | Unliquidated | | | $5,747,666 |
| 46 | On File | On File | Customer / Loan Party | Unliquidated | | | $5,746,814 |
| 47 | On File | On File | Customer | Unliquidated | | | $5,710,805 |
| 48 | On File | On File | Customer | Unliquidated | | | $5,710,207 |
| 49 | On File | On File | Customer | Unliquidated | | | $ 5,664,096 |
| 50 | On File | On File | Customer | Unliquidated | | | $5,588,694 |

### CELSIUS NETWORK LIMITED
#### (the *Company*)
#### Registered Number: 11198050
#### Minutes of a Meeting of the Directors of the Company
#### held by videoconference on 13 July 2022 at 8:00 PM BST

| | | |
|---|---|---|
| **PRESENT:** | Alex Mashinsky | (Chairman) |
| | S. Daniel Leon | (Director) |
| | Alan Carr | (Director and Designated Director) |
| | David Barse | (Director and Designated Director) |
| **IN ATTENDANCE:** | Chris Ferraro | Chief Financial Officer |
| | Rod Bolger | Advisor |
| | Roni Cohen Pavon | Chief Revenue Officer |
| | Aslihan Dezinkurdu | Chief Operating Officer |
| | Ron Deutsch | General Counsel, Head of M&A and Secretary |
| | Rodney Sunada-Wong | Chief Risk Officer |
| | Ofer Ganot | Senior Corporate Counsel |
| | Joshua A. Sussberg | (Kirkland & Ellis) |
| | Patrick J. Nash | (Kirkland & Ellis) |
| | Ross M. Kwasteniet | (Kirkland & Ellis) |
| | Kon Asimacopoulos | (Kirkland & Ellis) |
| | Hannah Crawford | (Kirkland & Ellis) |
| | Bob Campagna | (Alvarez & Marsal) |
| | Mark Puntus | (Centerview) |
| | Heather Waller | (Latham & Watkins) |
| | John Fox | (Latham & Watkins) |

1.   **CHAIRMAN**

It was resolved that Alex Mashinsky be appointed Chairman of the Meeting and it was noted that a quorum was present in accordance with the Company's articles of association (the "*Articles*") and that all Directors had received notice of the Meeting and of the matters to be discussed and that the meeting was therefore duly constituted.

2.   **NOTICE AND QUORUM**

(a)   Each of the Directors present declared he had no direct or indirect interest in the matters under consideration which would prevent him from voting or forming part of the quorum whether by law, the Articles or otherwise, and where personally interested in the matters under consideration by virtue of his directorship or shareholding (whether direct or indirect) or his employment or engagement for services with the Company, duly declared the nature and extent of his interest in accordance with s.177 of the Companies Act 2006 (the "*2006 Act*").

(b)   Accordingly, the Chairman declared the meeting open.

3.   **PURPOSE OF MEETING**

(a)   The Chairman noted that Celsius Network Inc. ("**Celsius Inc**") and certain (direct and indirect) subsidiaries of Celsius Inc, including the Company, would file for creditor protection pursuant to chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in short order (the "**Chapter 11 Proceedings**").

(b)   The Chairman noted that the purpose of the meeting was for the board of directors of the Company (the "**Board**" and each a "**Director**") to discuss and, if the Directors consider it appropriate (having due regard to the Company's financial position and their fiduciary duties), resolve to file the Company as part of the Chapter 11 Proceedings.

(c)   It was noted that on 19 June 2022, the Board created a special committee (the "**Special Committee**") of Directors (the "**Designated Directors**") and delegated to the Special Committee pursuant to the Charter (as defined below), among other things, (a) the power and authority to review and analyze one or more alternative debt or equity financings or a sale, merger, consolidation, restructuring, reorganisation, recapitalisation, liquidation or other transaction or related financing or refinancing involving the Company and/or one or more of its subsidiaries, whether by filing a voluntary petition for relief under the Bankruptcy Code or otherwise and (b) the power and authority to review and discuss with management, and subject to applicable law, take all action of the Board with respect to the development and implementation of the Company's overall operational and financial restructuring plans and objectives, including to review and approve a Chapter 11 filing of the Company (collectively, the "**Committee Matters**"). Accordingly, the Designated Directors were in attendance at the meeting.

4.   **DOCUMENTS PRODUCED TO THE MEETING**

(a)   There was produced to the meeting the latest drafts of the following documents:

(i)   a presentation prepared by Kirkland & Ellis, attached hereto as Exhibit A, which included a structure chart outlining the indicative corporate

structure of the Celsius group of companies (the "**Group**") which indicates the proposed filing and non-filing entities for the purposes of the Chapter 11 Proceedings; and

    (ii)    a note on English law directors' duties considerations prepared by Kirkland & Ellis, attached hereto as <u>Exhibit B</u>.

(b)    The documents set out in paragraphs (a)(i) to (a)(ii) above, together with any other related documents (including but not limited to any deeds, instruments, agreements, accession agreements, shareholder resolutions, powers of attorney, notices, requests, acknowledgments, memoranda, statements or certificates, and presentations by the management team and the financial and legal advisers of the Company regarding the liabilities and liquidity situation of the Company and the strategic alternatives available to the Company) as may be ancillary, necessary, desirable, required or requested, are together referred to as the "**Documents**".

## 5.    CONSIDERATION

(a)    The Board considered the Documents.

(b)    In particular, it was noted that the Board and the Designated Directors have reviewed and considered the presentations given by the management and the financial and legal advisers of the Company regarding the liquidity situation of the Company, the strategic alternatives available to the Company, and the effect of the foregoing on the Company's business.

(c)    The Directors and the Designated Directors noted that they have consulted with the management and financial and legal advisers of the Company to fully consider and engage with each of the strategic alternatives available to the Company.

(d)    Following a comprehensive analysis of strategic restructuring alternatives presented by the Company's professional advisors, the Directors and the Designated Directors determined that the Chapter 11 Proceedings represented the best path forward for the Company because, among other reasons, (a) the Company would benefit substantially from a centralized, organized process for communication with creditors as it determines those creditors' and, possibly, equity holders' entitlements and enables them to vote on the Company's chapter 11 plan and make elections with respect to their distributions thereunder, (b) the Chapter 11 Proceedings are the most efficient process for enabling the Company to bind holdouts, resolve litigation claims, and streamline the distribution process, and (c) the Chapter 11 Proceedings are also advisable because restructuring obligations owed to the Company's many non-accredited customers cannot feasibly be accomplished under U.S. securities law other than pursuant to a chapter 11 plan.

(e)    In addition, in advance of the Meeting, a note on English law directors' duties considerations was prepared and provided by Kirkland & Ellis to the Directors and Designated Directors for their review and consideration.

(f)    Kon Asimacopoulos noted that, as a matter of English law, the Directors and the Designated Directors are under a duty in the ordinary course to act in the best interests of the Company. However, when the Company's solvency position is less clear (i.e. when the Company is in the "zone of insolvency"), the Directors' duties shift from

acting in the best interests of the Company's shareholders to acting in the best interests of the Company's creditors. In particular, it was noted that there are certain actions that the Board should take in circumstances where a company is facing financial difficulty which include (non-exhaustively): (i) to seek professional advice in respect of their obligations; (ii) to continue to meet regularly to review the finances and cash flow position of the Company; and (iii) to keep thorough records of their decision-making.

(g)     The Directors and the Designated Directors noted that they are at present taking these steps and that they would continue to closely monitor the financial position of the Company.

(h)     The Directors and the Designated Directors also noted that they acknowledged and understood the analysis provided by Kirkland & Ellis and would remain mindful of their fiduciary duties in all respects.

(i)     The Directors and the Designated Directors considered their general duties including, but not limited to, their obligations under Part 10, Chapter 2 and s. 172 of the 2006 Act and the Documents and formed the opinion that it was to the commercial benefit and advantage of the Company and its creditors as a whole (including a means of preserving value for the Company's creditors as a whole) to resolve to file the Company as part of the Chapter 11 Proceedings.

(j)     It was further discussed among the Directors and the Designated Directors whether an administration filing or similar filing in England would be appropriate or preferable. Based on the information they know to date and at this stage, the Directors and Designated Directors concluded that, in the circumstances, a local insolvency or administration filing in England is not necessary on the basis that the Chapter 11 Proceedings are likely to promote the success of the Company and result in a better outcome for the Company's creditors as a whole. This is on the basis that, based on the information that the Directors and Designated Directors have at this time, the Directors and Designated Directors understand that the Chapter 11 Proceedings would enable the Company (together with its professional advisers) to take the time it needs to plan a route through to avoiding an insolvent liquidation (or equivalent process) and to enable the Company and the business to continue as a going concern, in the interests of the Company's creditors as a whole.

## 6.     RESOLUTIONS

**IT WAS RESOLVED:**

(a)     that the Designated Directors having determined that the decisions contemplated hereunder may be Committee Matters and as such, the Designated Directors have determined to act with respect to the matters contemplated hereby on behalf of the Company;

(b)     that in the judgment of the Board and the Designated Directors (having regard, among other matters, to the matters referred to in section 172 of the 2006 Act), it is desirable and is most likely to promote the success of the Company for the benefit of its stakeholders, its creditors as a whole, and other parties in interest, that the Company shall be, and hereby is, authorised to file, or cause to be filed, a voluntary petition for relief (the "**Chapter 11 Case**") under the provisions of chapter 11 of the Bankruptcy

Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

(c)     that any of the Chief Executive Officer, Chief Financial Officer, any Executive Vice President, General Counsel, and Secretary or any other duly appointed officer of the Company (collectively, the "**Authorised Signatories**"), acting alone or with one or more other Authorised Signatories be, and they hereby are, authorised, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all other action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business;

(d)     that each of the Authorised Signatories be, and hereby is, authorised and directed to retain the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "**Kirkland & Ellis**") as general bankruptcy counsel to represent and assist the Company in  connection with the Chapter 11 Case in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorised Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis;

(e)     that each of the Authorised Signatories be, and hereby is, authorised and directed to retain the firm Alvarez & Marsal North America, LLC, ("**A&M**"), as financial advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorised Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of A&M;

(f)     that each of the Authorised Signatories be, and hereby is, authorised and directed to retain the firm Centerview Partners LLC ("**Centerview**"), as investment bankers to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorised Signatories, with power of delegation, is hereby authorised and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Centerview;

(g)     that each of the Authorised Signatories be, and hereby is, authorised and directed to retain the firm Latham & Watkins, LLP ("**Latham**"), as regulatory counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorised Signatories, with power of delegation, is hereby authorised and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Latham;

(h)     that each of the Authorised Signatories be, and hereby is, authorised and directed to retain the firm of Stretto, Inc. ("**Stretto**") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorised Signatories, with power of delegation, is hereby authorised and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Stretto;

(i)     that each of the Authorised Signatories be, and hereby is, authorised and directed to retain any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorised Signatories, with power of delegation, is hereby authorised and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

(j)     that each of the Authorised Signatories be, and hereby is, with power of delegation, authorised, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each such Authorised Signatory deems necessary, proper, or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of such case;

(k)     that if any Document or related document agreed by an Authorised Signatory needs to be executed as a deed, that it be executed under the common seal of the Company or executed as a deed in accordance with section 44 of the 2006 Act;

(l)     that in addition to the specific authorisations heretofore conferred upon the Authorised Signatories, each of the Authorised Signatories (and their designees and delegates) be, and they hereby are, authorised and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorised Signatory's judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein;

(m)     that all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorised in advance by resolution of the Board and the Designated Directors; and

(n)     that each of the Authorised Signatories (and their designees and delegates) be, and hereby is, authorised and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these Resolutions hereunder, as such Authorised Signatory shall deem necessary or desirable

in such Authorised Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

7.    **FILINGS**

It was resolved that any Director and/or the Company's solicitors be authorised to complete all necessary and appropriate entries in the books and registers of the Company and to arrange for the relevant resolutions and forms to be filed with the Registrar of Companies.

8.    **CLOSING OF MEETING**

There being no further business the Chairman declared the Meeting was closed.

DocuSigned by:

2ADC7A9BFB844C0...

Alex Mashinsky

Chairman

[*Signature page to Board Minutes (Celsius Network Limited)*]

**Exhibit A**

Kirkland & Ellis Presentation to the Board

## **Exhibit B**

### Note on Directors' Duties as a Matter of English Law

DocuSign Envelope ID: BB93BB52-9AEC-4502-9ECB-5260FA347391

# EXHIBIT A

## Companies

| Company | Jurisdiction |
|---|---|
| Celsius US Holding LLC | Delaware |
| Celsius Mining LLC | Delaware |
| Celsius Network LLC | Delaware |
| Celsius Lending LLC | Delaware |
| Celsius KeyFi LLC | Delaware |
| Celsius Network Inc. | Delaware |
| Celsius Networks Lending LLC | Delaware |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | **Celsius Network Limited** |
| United States Bankruptcy Court for the: | **Southern District of New York** |
| | (State) |
| Case number (If known): **22-10966 (MG)** | |

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the [30] Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| | | | |
|---|---|---|---|
| Executed on | 07/14/2022 | ☒ /s/ *Alex Mashinsky* | |
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor | |
| | | **Alex Mashinsky** | |
| | | Printed name | |
| | | **Chief Executive Officer** | |
| | | Position or relationship to debtor | |

Official Form 202              Declaration Under Penalty of Perjury for Non-Individual Debtors